IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRONE DORN, )
)
      Plaintiff, )
)
vs. ) CIVIL NO. 07-247-GPM
)
KENNETH HAMILTON, *et al.*, )
)
      Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

    **COUNT 1:** Against Defendants Hamilton, Theriac, and Henry for use of excessive force.

    **COUNT 2:** Against Defendants Hamilton, Theriac, and Henry for allowing him to be assaulted by another inmate.

    **COUNT 3:** Against Defendants Rhodes and Chandra for retaliation.

    **COUNT 4:** Against Defendant Mitchell and Hamilton for procedural due process violations.

    **COUNT 5:** Against Defendant Cox for neglecting his official duties.

**COUNT 6:** Against Defendants Benton and Walker for procedural due process violations.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## COUNT 1

Plaintiff alleges that while taking him to the yard one day, Defendants Hamilton, Henry, and Theriac assaulted him without provocation. As a result of this assault, he suffered cuts and abrasions to his face, shoulder, and hand.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core

judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on the allegations in the complaint, the Court is unable to dismiss Count 1 at this time.

**C**OUNT **2**

After he was assaulted, Plaintiff was left in the yard with another inmate that had consistently made threats against Plaintiff. While the officers were not looking, that inmate threw a milk carton at him, dousing him with its contents – a mixture of feces and sour milk. Plaintiff alleges that Defendants Hamilton, Henry, and Theriac were aware of the threats made against him, yet deliberately left him in the yard with that inmate knowing that Plaintiff would be assaulted.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). But not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that

danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). *See also Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001); *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.

Based on the allegations in the complaint, the Court is unable to dismiss Count 2 at this time.

**COUNT 3**

After the incident in the yard, Plaintiff was taken to the nurses' station for medical treatment; afterwards, he was given a shower. As he finished his shower, Kristin Kwasniewski (not a defendant) told him that Defendant Rhodes had told her to place Plaintiff on crisis watch in the heath care unit. Plaintiff alleges that this placement was done simply to deprive him of his personal property and to prevent him from seeking witnesses to the assaults in the yard.

Plaintiff also states that at an unspecified time, Defendants Chandra and Rhodes conspired to have him transferred to another institution at the same time he was scheduled out on a court writ. In conjunction with that transfer, Plaintiff states that Chandra cut off his prescribed medication, and he was later removed from the specialized treatment unit at Tamms. Finally, he alleges that Chandra and Rhodes violated his rights by discussing his mental health issues with officers who are not medical personnel. Plaintiff believes that all these actions were taken against him out of retaliation for prior grievances he filed against Chandra and Rhodes.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson,* 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter,* 224 F.3d 607 (7th Cir. 2000); *Babcock v. White,* 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane,* 857 F.2d 1139 (7th Cir. 1988). The Seventh Circuit has clarified that in

order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).

Plaintiff makes no allegation to suggest that his grievances were anything other than personal gripes directed at Chandra and Rhodes. Therefore, he has not stated a viable claim for retaliation against either, and Count 3 will be dismissed from this action with prejudice.

## COUNT 4

Plaintiff next alleges that at an unspecified time, Defendant Mitchell presided over a disciplinary hearing. As a result of that hearing, Plaintiff lost six months of good conduct credit and six months of yard privilege. He alleges that Mitchell was biased due to a personal relationship with Defendant Hamilton; thus, he believes his rights to due process were violated.

The instant case is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim, before Plaintiff brings his claims to federal court.

Accordingly, Count 4 will dismissed from this action without prejudice.

**COUNT 5**

Defendant Cox is the head of Internal Affairs at Tamms. Cox did not contact the state's attorney with respect to the assault alleged above in Count 1, which Plaintiff believes was a dereliction of his professional duties.

Essentially, this is a claim of negligence, but negligence does not give rise to a constitutional claim in federal court. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and Count 5 will be dismissed with prejudice.

**COUNT 6**

Plaintiff's final claim, against Defendants Walker and Benton, is similar to that against Mitchell. He alleges that by concurring with Mitchell's ruling on the disciplinary matter, Walker and Benton were negligent and incompetent in failing to follow the rules of the Department regarding disciplinary proceedings. As explained in Count 4, Plaintiff's arguments regarding the disciplinary proceeding cannot be brought in a civil rights action, but only through habeas corpus. Further, as explained above in Count 5, a defendant cannot be held liable for negligence in a federal civil rights action. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Count 6 will be dismissed with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 5** and **COUNT 6** are **DISMISSED** from this action with prejudice. Plaintiff is **ADVISED** that within the Seventh Circuit, the dismissal of these claims may be counted as a strike. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007);

*Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED** from this action without prejudice to Plaintiff bringing his claims in a habeas corpus action, but only after he has exhausted his state court remedies with respect to this claim.

**IT IS FURTHER ORDERED** that Defendants **RHODES, CHANDRA, COX, MITCHELL, BENTON,** and **WALKER** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **HAMILTON, THERIAC,** and **HENRY**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **HAMILTON, THERIAC**, and **HENRY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from the Illinois Department of Corrections pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 10/3/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge