# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE DORN, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-cv-247-GPM |
| KENNETH HAMILTON, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Tyrone Dorn, filed a motion in opposition to the dismissal of the defendants (Doc. 12). In essence, Dorn is asking the Court to revisit a decision made last October in which Defendants Rhodes, Chandra, Cox, Mitchell, Benton, and Walker were dismissed from this action.

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b). The order in question (Doc. 5) was entered on October 6, 2008, but the instant motion was not filed until July 23, 2009, long after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake,

Page 1 of 2

inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Dorn does not suggest that dismissal of these six defendants was the result of a clerical error or administrative mistake. Instead, he argues that the Court misconstrued his complaint and applied an incorrect legal standard. Relief under Rule 60(b) is not appropriate.

Accordingly, the motion in opposition (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 8/5/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge