IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE DORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-cv-247-GPM |
| ) | |
| KENNETH HAMILTON, et. al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's "Motion to Resume Trial" (Doc. 81). The motion should be denied.

This case has had a somewhat non-typical history. On February 4, 2010, defendants were ordered to show cause why a trial in this case should not be on the issue of damages only. The Show Cause Order was precipitated by non-compliance with discovery by defendants. Before the Court addressed defendants' response, a settlement conference was conducted before the undersigned on February 22, 2010. The conference was attended by plaintiff. During the conference, it was explained to plaintiff that restoration of good time credits was not going to be a negotiated item. Defendants lacked the authority to restore those credits, and the Court lacked the ability to address that issue in this lawsuit. Plaintiff seemed to accept that the only available remedy was money damages. Further negotiation led me to believe that defendants might settle the case for $5000 if it could be presented to defendants in a "take it or leave it" fashion. In other words, I doubted that defendants would extend an offer of $5000, but they might accept such a demand from plaintiff if it were certain that such a settlement would ensue. This was expressed to plaintiff with a specific admonition that I could not guarantee defendants would accept a $5000 demand, but that

I could probably guarantee that no more money would ever be available through settlement and that this was plaintiff's best opportunity to maximize his settlement recovery. It was also reiterated that restoration of good time credits was not and would never be part of this lawsuit or its settlement.

Plaintiff and defendants were in separate rooms. As I rose to leave plaintiff's room the following question was put to him, "If I can get $5000, will that do it?" Plaintiff's response was affirmative. I proceeded to the defendants' room where that proposition was presented. Defendants were told that the $5000 figure was not negotiable and that it would resolve the case. After some discussion, defendants agreed to that amount.

Plaintiff was promptly informed that the case had settled for $5000. Plaintiff expressed some concern, but not regarding the monetary amount. Rather, he wanted to revisit the good time credits issue. It was again explained to plaintiff that good time credits were off the negotiating table and would not be part of this lawsuit in any regard. I also told him that he had made a deal which was enforceable and would be enforced if it came to that.

I took great care at the settlement conference to discuss all aspects of the case with plaintiff. I did and do feel that he understood the proceedings. I also believe that an enforceable settlement was reached as the result of negotiation by all parties. Finally, I would not have presented the $5000 demand to defendants as a "take it or leave it" proposition if I did not believe that defendants' assent was all that would be necessary to seal the deal.

I have since received some information that plaintiff was disgruntled that his money had not been delivered to him with the promptness he would have desired. It is understandable that plaintiff might become impatient and that he has no experience in dealing with the state on such matters. I did try to tell him that things may take a little while because a settlement has many desks to cross before payment is made.

To sum up, an enforceable settlement agreement was reached on February 22, 2010, as the

result of negotiation in which plaintiff actively participated. All things considered, $5000 is a very reasonable settlement for all concerned. It is very possible, if not likely, that plaintiff would fail to achieve such an award from a jury. Despite plaintiff's beliefs or desires, restoration of good time credits is not possible in this case as a matter of law.

The defendants, through the Attorney General, participated in good faith negotiations. Their agreement to extend $5000 was absolutely conditioned on that sum ending the case. I believe that if plaintiff were now able to renege, that it would work to defendants' detriment, especially where future negotiations might be considered.

Regrettably, no record was made of this settlement. A court reporter was not available, but that did not prohibit a quickly written memorandum of understanding. That faux pas falls squarely on my shoulders and will not be repeated. There seemed to be no reason to memorialize such a simple and straightforward agreement, but apparently there was.

For the foregoing reasons, it is RECOMMENDED that plaintiff's Motion to Resume Trial (Doc. 81) be DENIED.

**SUBMITTED: March 25, 2010.**

*s/ Philip M. Frazier*
**HON. PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**