**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TYRONE DORN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-247-GPM |
| | ) |
| **KENNETH HAMILTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation (Doc. 82) (Report) of Magistrate Judge Phillip M. Frazier recommending that the Court deny Plaintiff Tyrone Dorn's "Motion to Resume Trial" (Doc. 81). In his motion, Plaintiff asserts that the parties could not come to mutual terms at the settlement conference conducted by Magistrate Judge Frazier on February 22, 2010; that defendants are trying to take advantage of him because he is pro se, and that he never verbally agreed to accept a particular offer, nor did he sign anything (Doc. 81, p. 1). As such, Plaintiff requests "his full and fair day in court, by resuming the jury trial as demanded" (*Id.* at 2).

The Court has carefully reviewed Magistrate Judge Frazer's Report and, pursuant to Federal Rule of Civil Procedure 72(b), it may now accept, reject or modify, in whole or in part, his findings and recommendations. The Court is obligated to review *de novo* the portions of the report to which objections are made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report recommends that Plaintiff's Motion to Resume Trial be denied because "an enforceable settlement was reached as the result of negotiations by all parties" (Doc. 82, p. 2). Further, the Report notes that "[a]ll things considered, $5,000 is a very reasonable settlement for all concerned" (*Id.* at 3), and that "[i]t is very possible, if not likely, that plaintiff would fail to achieve such an award from a jury" (*Id.*). Finally, Magistrate Judge Frazier believes the parties participated in the settlement conference in good faith and "if plaintiff were now able to renege … it would work to defendants' detriment, especially where future negotiations might be concerned" (*Id.*).

In his "Motion for Objection to the Magistrate Judges Report and Recommendation," Plaintiff claims that: (1) he never requested Judge Frazier pursue a particular offer; (2) he never consented to the terms of the agreement; and (3) prior to the settlement conference at issue, he had rejected an offer to settle for the same amount (Doc. 84, p. 1). In their Response to Plaintiff's Objections, however, Defendants claim that, in earlier negotiations, Plaintiff was offered only *$500.00*, and that Plaintiff "did not move off his initial demand of $35,000.00" (Doc. 85, pp. 1-2). Further, Defendants claim that when Magistrate Judge Frazier told Plaintiff that the case had settled for $5,000.00, they "did not hear plaintiff raise any question or complaint at that time" (*Id.* at 1).

In his "Motion for Settlement Conference," which Plaintiff filed one week before he filed his objections to the Report, Plaintiff claims that the settlement conference was "one-sided," that he was unaware that a settlement conference had been scheduled, and that he was not given a "viable opportunity to include such terms of relief, in which would have enable [sic] him to willingly agree to settle his civil rights action" (Doc. 83, p 1). Nevertheless, Plaintiff claims he remains open to settlement and does "not wish to cause any undue to [sic] this Honorable Court by demanding his right to a trial, if the defendants still remain open to resolve this particular cause through the

settlement procedure" (Doc. 84 pp. 1-2).[1]

Because Plaintiff appears to object generally to the entire Report, the Court will conduct a *de novo* review of both the terms of the alleged settlement agreement and the events surrounding the settlement conference. Ultimately, the Court must decide whether to enforce the terms of the oral settlement, allegedly consummated on February 22, 2010, as memorialized by Magistrate Judge Frazier in his Report, or to grant one of Plaintiff's motions — either to resume trial or for a second settlement conference.

Illinois contract law governs this dispute. *Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). In Illinois, "an oral settlement agreement is valid so long as there is an offer, acceptance, and a meeting of the minds on all material terms." *See Blutcher v. EHS Trinity Hosp.*, 746 N.E.2d 863, 870 (Ill.App.Ct. 2001); *Lynch*, 279 F.3d at 490. Further, "a judge's failure to record such an understanding does not invalidate the settlement." *Gevas v. Ghosh*, 566 F.3d 717, 719 (7th Cir. 2009) (citing *Lynch*, 279 F.3d at 490-91). Without memorializing their agreement, "both parties assumed the risk … that the judge would recall the discussion differently than they did." *Id.* Finally, here, just as with the *pro se* prisoner plaintiff in *Gevas*, it was Plaintiff Dorn's "burden [to provide] the Court with a record permitting meaningful review of the alleged error." *Id. See also Piggie v. Cotton*, 342 F.3d 660, 663 (7th Cir. 2003).

Here, the Report specifically finds that the parties participated in the settlement conference in good faith and that a mutual settlement agreement was reached. While the agreement was not formally memorialized, Judge Frazier entered "Minutes of Settlement Conference" (Doc. 75), on the same day the conference occurred. This document shows that both parties were at the

---

[1] Indeed, in his Motion for Settlement Conference, Plaintiff appears to make a superseding offer of what he believes are "modest terms." Specifically, Plaintiff wants (1) to be enrolled in a G.E.D. curriculum with the opportunity to take the G.E.D. test; (2) to receive 3 to 5 showers a week; (3) to receive his television and radio back, and (4) to be able to purchase coffee and food items from the commissary (Doc 83, pp. 1-2).

conference, along with the Magistrate Judge and his Deputy Clerk (Doc. 75). The minutes also show a checkmark on the line next to "Case Settled," and another checkmark next to "Order of Dismissal to enter" (Doc. 75). The Court cannot discern any reason why the minutes would be filled out as such if the Magistrate Judge was not fully confident that a settlement had been reached.

Moreover, on March 1, 2010, another docket entry shows that Defendants advised the Court that Plaintiff's social security number was needed to complete the settlement — yet another indication that the parties were attempting to execute their mutual agreement (*See* Doc. 77). It appears that, at some point after the settlement conference, Plaintiff may have started to experience a bit of "buyers remorse," but nothing in the record suggests that, at the time of the conference, he did not mutually assent to the terms of the settlement agreement, or that he disagreed with those terms in any way.

The Court has reviewed Magistrate Judge Frazier's Report *de novo* and has determined that the reasoning and findings in the Report are correct. Specifically, a fair, reasonable and enforceable settlement for $5,000.00 was reached between the parties, and Plaintiff failed to report any of his concerns with the mutually agreed upon settlement until almost one month after the settlement conference. For the foregoing reasons, the Court **ADOPTS** the Report in its entirety (Doc. 82) and **OVERRULES** Plaintiff's objections to the Report (Doc. 84). Plaintiff's Motion to Resume Trial (Doc. 81) and his Motion for Settlement Conference (Doc. 83) are therefore **DENIED**.

**IT IS SO ORDERED.**

DATED: 04/30/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge