**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TYRONE DORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 07-247-GPM |
| | ) |
| KENNETH HAMILTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Plaintiff Tyrone Dorn's Motion for Relief (Doc. 87) from Order Dated April 30, 2010, pursuant to Federal Rule of Civil Procedure 60(b). In his motion, Plaintiff asserts that this Court's enforcement of a disputed settlement agreement "will lead to unequal justice and result in undue prejudice against the plaintiff" (Doc. 87, p. 1). As such, Plaintiff moves this Court to reconsider its earlier Order in which it found that a mutually agreed upon, "fair, reasonable and enforceable settlement for $5,000.00 was reached between the parties" (Doc. 86, p. 4).

In this context, Rule 60 of the Federal Rules of Civil Procedure regulates the procedure for obtaining relief. *See Bakery Machinery & Fabrication, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)). Under the so-called "catchall" provision of Rule 60(b)(6), which Plaintiff here invokes, a district court may reconsider an Order for "any other reason justifying relief." However, in general, relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (quoting *Reinsurance Co. Of Am. Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990)); *see also*

*Arrieta*, 461 F.3d at 865 ("Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances."). Finally, in making a Rule 60(b) decision, district courts have "great latitude … because that decision 'is discretion piled on discretion.'" *Id.* (quoting *Swaim v. Motan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)(citations omitted)).

Here, in support of his motion, Plaintiff does not offer any new reasons, compelling arguments, or any "exceptional circumstance" that would warrant relief from this Court's earlier Order. Instead, Plaintiff simply reargues the merits of his earlier motion by, once again, challenging the fairness of the procedures used during the settlement conference conducted on February 22, 2010, and the resulting settlement agreement. Plaintiff's arguments are therefore, once again, rejected as unavailing. More importantly, Plaintiff has utterly failed to show any "extraordinary circumstance" justifying the relief he requests. As such, Plaintiff has failed to even come close to crossing the high threshold required to succeed on a Rule 60(b)(6) Motion.

In light of the foregoing, Plaintiff's Motion for Relief (Doc. 87) from the Court's April 30, 2010 Order, is hereby **DENIED**. The February 22, 2010 settlement agreement, into which the parties mutually entered, is valid and fully enforceable. The Clerk of Court is **ORDERED** to enter Judgment accordingly.

**IT IS SO ORDERED.**

DATED:  05/27/2010


s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge