IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE DORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-247-GPM |
| | ) |
| KENNETH HAMILTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Tyrone Dorn settled his 42 U.S.C. § 1983 action with Defendants on February 22, 2010 (Doc. 75). A 60-day Order for Judgment entered that day, and Judgment was entered on May 27, 2010, dismissing the case with prejudice (Doc. 89). Mr. Dorn now moves the Court to order payment of his settlement to another party (Doc. 103) or, in the alternative, to reopen the case and proceed to trial on his original complaint (Doc. 107).

This Court no longer has jurisdiction over this action–Judgment was with prejudice. *See Lynch v. Samatamason Inc.,* 279 F.3d 487, 489 (7th Cir. 2002) ("Having dismissed the entire litigation, the court ha[s] no jurisdiction to do anything further."); *see also Bond v. Utreras,* 585 F.3d 1061, 1079 (7th Cir. 2009) *citing Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994) ("[W]here the dismissal order neither incorporate[s] the parties' settlement agreement nor expressly retain[s] jurisdiction over it, the court lack[s] ancillary jurisdiction to enforce it"). Pursuant to the Judgment, this Court has relinquished jurisdiction and cannot act on Mr. Dorn's motions. *See Rodas v. Seidlin,* No. 09-3760, 2011 WL 3836460, at *4 (7th Cir. Aug. 31, 2011)

*quoting Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) ("[W]ithout jurisdiction the court cannot proceed at all in any cause.").

The motion for payment of settlement (Doc. 103) and the motion to resume trial (Doc. 107) are therefore **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: 9/2/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
